UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHY B. DINICOLA,

    Plaintiff,                       CIVIL ACTION NO. 14-CV-13937

vs.                              DISTRICT JUDGE GERSHWIN A. DRAIN

                                    MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cathy DiNicola seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 15). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

### I.    Recommendation

The undersigned recommends that Plaintiff's Motion for Summary Judgment [14] be GRANTED and that Defendant's Motion for Summary Judgment [15] be DENIED. This matter should be remanded for further consideration of Plaintiff's complaints with regard to her migraines, crying spells, hallucinations, memory problems, fatigue, and memory deficits.

1

## II.     Procedural History

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of March 6, 2012, alleging that she had been disabled since January 25, 2012, due to seizures, high blood pressure, depression, knee pain, and memory loss. (*See* TR 17, 146-47.) The Social Security Administration denied benefits. (*See* TR 17.) Plaintiff then requested a *de novo* hearing, which was held on April 30, 2013, before Administrative Law Judge (ALJ) Kim S. Nagle, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing her past relevant work and a significant number of jobs in the national economy. (TR 17-27.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

## III.    Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Defendant (docket no. 15 at 4-7) and the ALJ (TR 22-25) each set out a detailed factual recitation with regard to Plaintiff's medical record, the vocational expert's testimony, and Plaintiff's hearing testimony. Plaintiff discusses the relevant portions of the record throughout her argument. (Docket no. 14 at 10-15.) As discussed further herein, Plaintiff asserts that the ALJ failed to discuss some of her medical documentation, particularly with regard to her subjective claims and the opinions of Dr. Hon Chan, Plaintiff's treating psychiatrist. Nevertheless, there are no material inconsistencies between the ALJ's discussion of Plaintiff's medical history, Defendant's recitation of the facts, and the record itself. Therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

2

### IV.     Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2013; that she had not engaged in substantial gainful activity since January 25, 2012, her original alleged onset date; and that she suffered from severe seizure disorder.  (TR 19-20.)  The ALJ further found that Plaintiff's hypertension and depression were nonsevere. (TR 20.)  The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments.  (TR 21-22.)  The ALJ found, however, that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff had the residual functional capacity to perform light work "except the claimant can never climb ladders, ropes, or scaffolds, and must avoid all hazards such as dangerous moving machinery, unprotected heights, and commercial driving."  (TR 22-24.)  The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing her past relevant work as a sales attendant, customer service representative, and teller, as well as additional work in the national economy. (TR 24-27.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from January 25, 2012, through the date of her decision.  (TR 27.)

### V.     Law and Analysis

#### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.  Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL

5

2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff's arguments are convoluted and intertwined throughout her brief, but she appears to summarize her arguments as follows:

> The ALJ provides no specific reasons or analysis for how he (sic) reached these limited conclusions. There is never a discussion of what weight the ALJ gave to the treating or non-treating medical sources. There is no explanation on why the ALJ rejected the non-exertional limitations mentioned above. There is never a discussion of why or how the ALJ gave the RFC determination she gave. In short, there is no discussion, no rationale, and zero due process in the ALJ's decision.

(Docket no. 14 at 14.) Specifically, it appears that Plaintiff contends that this matter should be reversed or remanded because (1) the ALJ rejected Plaintiff's assertion of severe Dysthymic Disorder; (2) the ALJ failed to consider the opinion of Dr. Hon Chan, Plaintiff's treating psychologist; (3) the ALJ failed to consider Plaintiff's complaints of migraines, crying spells, hallucinations, memory problems, fatigue, or memory deficits; (4) "[t]here is no discussion of the evidence whatsoever in the ALJ decision;" (5) "[t]here is not a scintilla of evidence to support the ALJ RFC assessment that [Plaintiff] would be capable of light work;" (6) the ALJ failed to properly discuss Plaintiff's credibility; (7) "[t]he ALJ severely misstates and misquotes [Plaintiff] throughout the decision;" (8) the ALJ exaggerates Plaintiff's daily activities and "equates cooking and cleaning with the ability to work full time competitive employment;" and (9) "the ALJ never complied or even attempted to reconcile [SSR] 96-8p with his (sic) decision." (Docket no. 14 at 10-15.)

### 1. The ALJ's Discussion of the Evidence, the Basis For Her RFC Finding, and Her Compliance With SSR 96-8p

Throughout her brief, Plaintiff makes statements alleging that the ALJ "cherry picks facts to fit [the] RFC," that "there is not a scintilla of evidence" supporting the RFC, that the ALJ has

failed to comply with SSR 96-8p, and that "the Plaintiff's RFC was decided well before the hearing." (*See* docket no. 15.) Plaintiff's arguments in this regard are unsupported and underdeveloped. It is axiomatic that an ALJ need not discuss every piece of evidence in the record. *Kornecky v. Comm'r*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) (citation omitted). And while Plaintiff argues that the ALJ's decision is "completely vague" and that some sections contain "no logic or understanding," the ALJ set forth a clear and detailed analysis with regard to her findings. And to the extent that Plaintiff questions the ALJ's application of SSR 96-8p, the ALJ, as required, supported the RFC by including a narrative discussion describing how the evidence supports her conclusions and providing citations to specific medical facts and nonmedical evidence. Plaintiff's ultimate disagreement with these findings is inapposite. Therefore, Plaintiff's Motion should be denied on these grounds.

### 2. The ALJ's Credibility Determination, Her Treatment of Plaintiff's Testimony, and Her Consideration of Plaintiff's Daily Activities

Plaintiff also argues in summary fashion that the ALJ "misstates and misquotes [her] throughout the decision," that she "never discusses or evaluates [Plaintiff's] subjective complaints," and that the ALJ improperly "equates cooking and cleaning with the ability to work full time competitive employment." (Docket no. 14 at 12-14.) But Plaintiff does not explain where or how the ALJ misquoted her. Instead, she appears to take issue with the ALJ's decision to reject some of her subjective complaints and her failure to discuss those complaints in more depth. The ALJ, however, found that Plaintiff's subjective complaints were not entirely credible; thus, Plaintiff challenges this finding.

"An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's

7

demeanor and credibility." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. Id. An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not enough to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "The adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *See id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); s*ee also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

As part of her argument, Plaintiff asserts that the ALJ failed to consider these factors,

8

although Plaintiff does acknowledge that the ALJ need not consider all of them in every case. (Docket no. 14 at 13-14.) She states that it is "puzzling and disturbing" that the ALJ could conclude that something impugns her credibility without fully analyzing the evidence. (*Id.* at 13.) But the ALJ completed a thorough credibility analysis. The ALJ found that Plaintiff was not entirely credible for the following reasons:

- Although she claimed that she could not work, Plaintiff was fired from her last job and did not leave because of her impairments;

- Plaintiff collected unemployment after her alleged onset date, which means she held herself out as being able to work while simultaneously asserting to the Commissioner that she was disabled;

- Plaintiff told her therapist that she was looking for work;

- Plaintiff began having seizures in 1980 but continued to work;

- Plaintiff's doctors note that her seizures are controlled with medication and that her depression is mild;

- She has received only conservative treatment for her conditions; and

- She continues to drive even though her doctors instructed her not to do so.

(TR 23-24.) And the ALJ also considered Plaintiff's daily activities, noting that

> . . . . The claimant is still able to perform a wide range of activities of daily living. The claimant reported that she will still drive short distances even with her seizures. The claimant also cooks, cleans, does laundry, mows the lawn, reads, shops for groceries, and goes to the gum sometimes.

(TR 24.) And she considered Plaintiff's subjective complaints:

> [T]he claimant alleges that she is disabled because of epilepsy. The claimant testified that she has crying spells and is unable to concentrate while working. Yet, the claimant acknowledges that she was fired from her last job and did not lose it because of her seizures. Also, the claimant acknowledged that she has only had one seizure in the past year and only four or five ever.

(TR 22.)

Although Plaintiff disagrees with the ALJ's findings, she considered precisely the factors that she was required to consider under Section § 416.929(c)(2). She considered Plaintiff's subjective complaints and determined that, based on a totality of the record evidence, Plaintiff was not entirely credible. Although evidence may also support Plaintiff's position, the ALJ's decision with regard to Plaintiff's credibility is supported by the evidence, and it is sufficiently specific to make clear to the Plaintiff and the Court the weight the ALJ gave to Plaintiff's statements and the reasons for that weight. The ALJ did not err when considering Plaintiff's credibility, including her consideration of Plaintiff's daily activities.

### 3. The ALJ's Step 2 Determination

Plaintiff alleges that the ALJ erred at Step II when she rejected Plaintiff's assertion that her Dysthymic Disorder was severe. A severe impairment or combination of impairments is one which significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (citation omitted). But the step-two severity analysis is simply a threshold determination. It is well established that "once any one impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps," and it becomes "legally irrelevant" that other impairments are not considered severe. *McGlothin v. Comm'r* of Soc. Sec., 299 F. App'x 516, 522 (6th Cir. 2008) (citing *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)).

This is so because the second step is designed simply to screen out and dispose of baseless claims. *Anthony*, 266 F. App'x at 457. Stated differently, as long as the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, the ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found that Plaintiff suffered from severe seizure disorder; thus, Plaintiff's Step 2 challenge fails.

### 4. The ALJ's Consideration of Plaintiff's Migraines, Crying Spells, Hallucinations, Memory Problems, Fatigue, and Memory Deficits

As discussed, *supra*, even where the ALJ continues beyond Step 2 after finding that the Plaintiff suffers from a severe impairment, the ALJ must still consider the effects of a plaintiff's non-severe impairments when determining the plaintiff's RFC. *See*, *McGlothin*, 299 F. App'x at 522 (citing *Anthony*, 266 F. App'x at 457). Plaintiff asserts that the ALJ failed to consider her complaints of migraines, crying spells, hallucinations, memory problems, fatigue, and memory deficits. (Docket no. 14 at 11.) Plaintiff is correct.

In her decision, the ALJ notes that Plaintiff suffers from severe seizure disorder and nonsevere hypertension and depression. (TR 19-20.) She then determines Plaintiff's RFC, noting that Plaintiff complains of crying spells and an inability to concentrate while working. (TR 22.) But nowhere in her decision does the ALJ consider Plaintiff's other complaints, even as a passing reference. Defendant contends that the ALJ did not err in this regard because "the evidence in the record does not establish that Plaintiff has migraine headaches" and because Plaintiff has waived her argument where she makes it without citing to the record to support her testimony. (Docket no. 15 at 24.) While Defendant may be correct with regard to Plaintiff's headaches, it is the ALJ's rationale that is on review, not Defendant's; thus, Defendant's post-hoc

rationalization for discounting Plaintiff's complaints of migraine headaches is inapposite. *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's."). And although Defendant is correct that Plaintiff failed to cite to her testimony, Defendant draws the Court's attention to Plaintiff's hearing testimony, wherein she testified that she has crying spells at least once per week; she has had two auditory hallucinations, including one where she heard her cat say "I love you anyway" after she had it put to sleep; and that she had been taking a one-hour nap each day for a few months. (Docket no. 15 at 19 (citing TR 50-53).) The ALJ's failure to even mention these complaints warrants remand for further consideration.

### 5. The ALJ's Consideration of Dr. Chan's Opinion

The ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). But it is equally well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician. *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant.

20 C.F.R. § 404.1527(c)(1). The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist. 20 C.F.R. §404.1527(e).

Additionally, the Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). If the opinion of a treating source is not afforded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson*, 378 F.3d at 544 (citation omitted). Even then, a finding that a treating-source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *4. Notably, though, "it is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich.

June 18, 2012) (Roberts, J.)

Nevertheless, the Sixth Circuit has upheld the decision of an ALJ which gave less than controlling weight to a treating physician without specifically analyzing the factors set forth in 20 C.F.R. § 404.1527(c) where the ALJ provided "good reason" for the decision. *See Infantado v. Astrue*, 263 Fed.Appx. 469, 473-74 (6th Cir. 2008). There is no per se rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. § 404.1527(c)(2)-(6). *Norris v. Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 Fed. Appx. 216, 222 (6th Cir. 2010)). Moreover, an ALJ's failure to discuss the factors of § 1527(c)(2)-(6) may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [Section 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (citing *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004)).

Plaintiff asserts that the ALJ failed to properly consider the opinion of her treating psychologist, Dr. Hon Chan. (Docket no. 14 at 10.) Again, Plaintiff is correct. While the ALJ does refer to some of the medical records provided by Dr. Chan, including his notes, the ALJ entirely fails to discuss Dr. Chan's opinion. Nevertheless, a review of the record shows that Dr. Chan authored no "opinion" with regard to Plaintiff's mental health. The only records related to Dr. Chan are four half-page Medical Progress Notes discussing Plaintiff's complaints and Dr. Chan's general assessments and diagnoses. Nowhere in these reports does Dr. Chan discuss any

functional limitations or cite to any clinical or diagnostic evidence. Therefore, the ALJ's failure to discuss Dr. Chan's "opinion" is harmless because to the extent any such opinion exists, it is patently deficient with regard to any functional limitations related thereto. Therefore, Plaintiff's Motion should be denied in this regard.

## VI. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [14] should be GRANTED and Defendant's Motion for Summary Judgment [15] should be DENIED. This matter should be remanded for further consideration of Plaintiff's complaints with regard to her migraines, crying spells, hallucinations, memory problems, fatigue, and memory deficits.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 31, 2015           s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated: August 31, 2015           s/ Lisa C. Bartlett
                                 Case Manager

16